O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Case No. CR 10-00862 PSG (04) |
| v. | ) **ORDER DENYING DEFENDANT'S MOTION TO DISQUALIFY JUDGE GUTIERREZ** |
| WAHID SHABAZZ | ) [Dkt. No. 595. Referral to DDP at Dkt. No. 596] |

This matter comes before the court on Defendant Wahid A. Shabazz El ("Defendant")'s "Motion to Disqualification of Justice, Judge or Magistrate under 28 U.S.C. § 455; 28 U.S.C. § 144".[1] Having reviewed Defendant's submission, the Court DENIES the motion and adopts the following order.

**I.  Background**

Judge Gutierrez sentenced Defendant to 60 months in prison on May 20, 2013 after Defendant pleaded guilty to Count 5 of the indictment on October 5, 2012. (See Docket Nos. 450, 538.) On May

---

[1] "The test for personal bias or prejudice in section 144 is identical to that in section 455(b)(1)..." United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980). "Consequently, a motion properly brought pursuant to section 144 will raise a question concerning recusal under section 455(b)(1) as well as section 144." Id.

29, 2013, Defendant filed a "Motion for Ineffective Assistance of Counsel," alleging that his trial attorney did not file motions when Defendant asked him to and did not properly investigate the underlying facts. (See Docket No. 542.) He also appealed his conviction and sentence to the Ninth Circuit. (See Docket No. 543.) In pursuit of his appeal, Defendant recently filed a petition for a copy of the grand jury transcript, which was denied by Judge Gutierrez. (See Docket Nos. 592, 593.) Defendant has now filed a motion to disqualify Judge Gutierrez and has requested that the case be reassigned to Judge Wright, who will be overseeing Defendant's participation in the STAR program. (Motion, Docket No. 595.)

In support of his motion, Defendant contends that Judge Gutierrez "forced" him "to negotiate[] a plea agreement with the Central District Court." (Id. at 1.) He further alleges that "[i]n this case the Judge never gave the defendant a chance for a fair trial, the attorney's would never filed any motion after the defendant Shabazz had ask many of times, in the defendant's behalf and when the defendant had filed his own motions that would show that the defendant is trying to fight his indictment the judge would not acknowledge them with merits." (Id. at 1-2.) He alleges that Judge Gutierrez "let the governments agency and the Lancaster/Palmdale sheriff's lie under oath on the stand in the motion to dismiss the indictment." (Id. at 2.) Finally, Defendant states that he filed a motion to correct the presentence investigation report, but that Judge Gutierrez improperly failed to consider it. (Id. at 3.)

///

**II.  Discussion**

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" and in proceedings in which "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a),(b)(1). The Ninth Circuit has articulated the standard for disqualification under § 455 as follows:

> The test under § 455(a) is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. Typically, a judge's partiality must be shown to be based on information from extrajudicial sources, although sometimes, albeit rarely, predispositions developed during the course of a trial will suffice. In the instance where the partiality develops during the course of the proceedings, it can be the basis of recusal only when the judge displays a deep-seated and unequivocal antagonism that would render fair judgment impossible.

F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc., 244 F.3d 1128, 1144-45 (9th Cir. 2001) (internal quotations and citations omitted).

Defendant has not established that he is entitled to the relief he seeks here. Many of his complaints appear to relate to deficiencies in his counsel's performance throughout the proceedings rather than establishing any bias on the part of Judge Gutierrez. Defendant complains that Judge Gutierrez would not accept motions filed by Defendant, but a represented party must file all papers through counsel; it was therefore proper for Judge Gutierrez to reject any motions filed by Defendant Shabazz himself. Further, any purported errors by Judge Gutierrez may be appropriately challenged on appeal, but Defendant has not shown that any such errors demonstrate that Judge Gutierrez bears a

"deep-seated and unequivocal antagonism" toward Defendant "that would render fair judgment impossible." F.J. Hanshaw Enters., 244 F.3d at 1144-45. Defendant may disagree with Judge Gutierrez's rulings, but that is not sufficient grounds to disqualify Judge Gutierrez.

### III. Conclusion

For the reasons state above, Defendant's Motion to Disqualify is DENIED.

IT IS SO ORDERED.

Dated: August 5, 2014

DEAN D. PREGERSON
United States District Judge